UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| SUZANN MUDAHY-NICHOLSON, § § § **Plaintiff,** § § v. § § **CITY OF MIAMI,** § § **Defendant.** § | Case No.: 1:22cv20019 |

**CITY OF MIAMI'S REPLY TO PLAINTIFF'S RESPONSE TO
CITY'S MOTION TO DISMISS**

NOW COMES the CITY OF MIAMI ("CITY") by and through the undersigned attorney, pursuant to United States District Court for the Southern District of Florida Local Rule 7.1(c)(1), and hereby states its Reply to Plaintiff's Response to City of Miami's Motion to Dismiss. As its Reply, the CITY states as follows:

1. **The Parties are in dispute as to whether Plaintiff exhausted her administrative remedies.**

In paragraph four of his Response, Plaintiff's counsel states: "It is undisputed that Plaintiff did exhaust her administrative remedies on Counts 1, 2, 4, 5, 6, and 8 by fully cooperating in good faith with the EEOC, providing them detailed facts to support all of her causes of action, and had Defendant's bothered to FOIA the EEOC file (or ask Plaintiff's counsel) they would have known exactly what she provided to the EEOC." Counsel's assertion materially misrepresents the CITY's position. It is not undisputed that Plaintiff has exhausted her administrative remedies. The issue of

exhaustion is the crux of the CITY's motion to dismiss and the CITY maintains that, per well-established Eleventh Circuit precedent, Plaintiff has failed to exhaust her administrative remedies.

2. **Good faith cooperation with the EEOC and providing the EEOC with the documents it requested is <u>not</u> the standard for determining whether a non-federal sector employee exhausted her administrative remedies.**

Plaintiff's counsel argues that Plaintiff satisfied the exhaustion requirement because she made a good faith effort to cooperate with the EEOC's investigation and provided documentation that the EEOC requested. *See* Plaintiff's Response at ¶¶ 4, 17, and 18. Counsel relies on *Wade v. Secretary of the Army*, 796 F.2d 1369, *Crawford v. Babbit*, 186 F.3d 1322 (11th Cir. 1999) and *Briley v. Cain,* 172 F.3d 567 (8th Cir. 1999) to support that position. Counsel's position is incorrect as it construes the court's position too broadly. The courts in *Wade*, *Crawford*, and *Briley* do confirm that an employee does satisfy the exhaustion requirement when it is determined that she made good faith effort to cooperate with the EEOC's investigation by providing the employer and the EEOC with the information necessary for their investigation. However, counsel misuses this point to assert that the universal standard for determining whether *any* employee has exhausted her administrative remedies is whether they have made a good faith effort to comply with EEOC's investigation. The courts did not use these cases to establish such a blanket holding.

Wade, Crawford, and Briley were federal employees. Each sued a different federal agency for violating Title VII, and pursuant to 29 C.F.R. §1614.08(c)(3) each one – as federal employees – had a duty to cooperate with the EEOC's investigation. Therefore, the courts considered whether they made a good faith effort to cooperate with the EEOC's investigation. In *Brown v. Snow*, 440 F.3d 1259 (11th Cir. 2006), the court clarified that the cooperation requirement applied specifically to federal employees. ("In *Crawford,* we concluded that [a]federal employee's failure to provide information requested by the agency … was a failure to exhaust administrative remedies that

deprived the district court of subject matter jurisdiction.). Plaintiff's counsel cites no case, statute, or regulation to prove that a non-federal sector employee suing a non-federal sector entity for a Title VII violation exhausts her administrative remedies by making a good faith effort to cooperate with the EEOC's investigation by providing the EEOC with all information and documents that it requested.

A plaintiff that is not a federal employee "must satisfy two jurisdictional requisites to exhaust her remedies: (1) a charge must have been filed with the EEOC and (2) the statutory notice must have been received from the EEOC." *Wu* quoting *Wheeler v. American Home Prods. Corp.*, 582 F.2d 891, 897 (5th Cir. 1977). Moreover, all judicial complaints alleging a violation of Title VII, whether filed by federal or non-federal employees, are limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. *Thomas v. Miami Dade Public Health Trust*, 369 Fed.Appx.19, 22 (11th Cir. 2010); *Gregory v. Ga. Dep't of Human Resources,* 355 F.3d 1277, 1280 (11th Cir. 2004) ("In light of the purpose of the EEOC exhaustion requirement a "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."); *Rodriguez v. Secretary of Dept. of Veterans Affairs*, 605 Fed.Appx. 957, 958 (11th Cir. 2015) ("Still, [a] plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.")

Plaintiff is a non-federal employee who is suing a non-federal entity. Accordingly, her level of cooperation with the EEOC investigation is inapposite for determining whether she failed to exhaust her administrative remedies.

3. **Plaintiff's claim that she was fired as retaliation and fired on account of her race, sex, and disability are brand new claims that do not amplify, clarify, or more clearly focus her EEOC charge.**

Judicial claims are allowed if they amply, clarify, or more clearly focus claims made in an EEOC charge and strict compliance with Title VII is unnecessary where a plaintiff has filed a charge with the EEOC. *Wu. Thomas*, 863 F.2d 1543, 1547. It also true that the allegations in the judicial complaint must be "reasonably related" to the charges in the administrative filing and "no material differences" can exist between them. *Id*. However, *new acts* of discrimination, offered as the essential basis for the requested judicial review are not appropriate. *Wu* at 1547quoting *Ray v. Freeman*, 626 F.2d 439, 443 (5th Cir. 1980).

Plaintiff's judicial complaint is not reasonably related to her EEOC charge but is materially different from it. Her complaint contains new acts of discrimination that were not stated in her EEOC charge, namely that she was terminated from employment on account of her race, sex, and disability and that her termination was retaliation for complaints of race, sex, and disability discrimination. Plaintiff did not even tangentially mention these accusations in her EEOC charge. These accusations are alleged in Counts 1, 2, 4, 5, 6, and 8 of the Complaint and should, therefore, be dismissed.

4. **Plaintiff's counsel's Response failed to address the pleadings deficiencies in Counts 3 and 7 which is that Plaintiff was required to plead that race was the but-for cause of her termination.**

As argued in the CITY's Motion To Dismiss, to make a plausible claim for relief under 42 USC 1981, Plaintiff was required to plead race as the but-for causation of her termination and allege actual direct or circumstantial facts that would allow the court to reasonably draw that inference. Plaintiff's counsel's Response failed to address this argument and offered to no law to the contrary. Therefore, the CITY asks the court to accept the CITY's argument as unrebutted.

**WHEREFORE**, based on the reasons stated in the Motion To Dismiss as well as the reasons stated herein, the CITY respectfully moves this Honorable Court to dismiss Counts 1 through 8 of Plaintiff's Complaint.

Respectfully Submitted,

VICTORIA MÉNDEZ, CITY Attorney
KEVIN JONES, Division Chief, Labor & Employment
ADANNA FERGUSON, Assistant CITY Attorney
Attorneys for **CITY OF MIAMI**
444 S.W. 2nd Avenue, Suite 945
Miami, Florida 33130-1910
Tel.: (305) 416-1800
Fax: (305) 416-1801
Primary Email: aferguson@miamigov.com
Secondary Email: tmickens@miamigov.com

By: /s/ *Adanna N. Ferguson*
    Adanna N. Ferguson
    Assistant City Attorney
    Florida Bar No.: 92372

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 3rd day of May, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Adanna N. Ferguson*
Adanna N. Ferguson
Assistant City Attorney
Florida Bar No.: 92372

## SERVICE LIST

Arthur Mandel, Esq.
COANE AND ASSOCIATES, PLLC
1250 E. Hallandale Beach Blvd.
Suite 303
Hallandale Beach, Florida 33009
Phone: (305) 538-6800
Fax:    (713) 850-8528
Email: arthur.mandel@coane.com
       bruce.coane@gmail.com
       docket@coane.com
       jeffrey.fedna@coane.com

*ATTORNEYS FOR PLAINTIFF*