UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 22-20019-CV-MARTINEZ-BECERRA

SUZANN MUDAHY-NICHOLSOM,

      Plaintiff,

v.

CITY OF MIAMI,

      Defendant.

_____/

## CONFERRAL REPORT

Plaintiff SUZANN MUDAHY-NICHOLSON ("NICHOLSON") and Defendant CITY OF MIAMI ("CITY"), collectively referred to as the "Parties," and pursuant to this Court's Order Setting Civil Trial Date and Pretrial Schedule now file this Conferral Report. The Parties have conferred extensively on the matters below and now state the following:

**Matter of Conferral Required by the Order Setting Civil Trial Date**

1. This matter will be a trial by jury.

2. Outline of legal elements of each claim modeled after pattern substantive jury instructions:

**Count I: Sex Discrimination under Title VII**

NICHOLSON claims that the CITY discharged her because of her sex. The CITY denies this claim and asserts that NICHOLSON was discharged for violating City of Miami Civil Service Rules 14.2(d), 14.2(e)(1-2), 14.2(h) and 14.2(i) by lying about an incident alleged to have occurred

on February 21, 2021 and failing to follow a directive to appear on May 10, 2021 to provide a formal statement regarding her allegations.

To succeed on her claim against the CITY, NICHOLSON must prove each of the following facts by a preponderance of the evidence: (1) the CITY discharged her from employment and (2) NICHOLSON's sex was a motivating factor that prompted the CITY to discharge her.

NICHOLSON does not have to prove that her sex was the only reason she was discharged. It is enough that she proves that her sex was a motivating factor for the CITY's decision. However, if a jury believes the CITY's proffered reasons for its decision and finds that it was not motivated by NICHOLSON's sex, then the jury must not second guess the CITY's decision or substitute its own judgment for the CITY's judgment – even if it disagrees with the decision.

**Count II: Race Discrimination under Title VII**

NICHOLSON claims that the CITY discharged her because of her race. The CITY denies this claim and asserts that NICHOLSON was discharged for violating City of Miami Civil Service Rules 14.2(d), 14.2(e)(1-2), 14.2(h) and 14.2(i) by lying about an incident alleged to have occurred on February 21, 2021 and failing to follow a directive to appear on May 10, 2021 to provide a formal statement regarding her allegations.

To succeed on her claim against the CITY, NICHOLSON must prove each of the following facts by a preponderance of the evidence: (1) the CITY discharged her from employment and (2) NICHOLSON's race was a motivating factor that prompted the CITY to discharge NICHOLSON.

NICHOLSON does not have to prove that her race was the only reason she was discharged. It is enough that she proves that her race was a motivating factor for the CITY's decision. However, if a jury believes the CITY's proffered reasons for its decision and finds that it was not motivated

by NICHOLSON's race, then the jury must not second guess the CITY's decision or substitute its own judgment for the CITY's judgment – even if it disagrees with the decision.

## Count III: Race Discrimination under Section 1981

NICHOLSON claims that the CITY discharged her because of her race. The CITY denies this claim and asserts that NICHOLSON was discharged for violating City of Miami Civil Service Rules 14.2(d), 14.2(e)(1-2), 14.2(h) and 14.2(i) by lying about an incident alleged to have occurred on February 21, 2021 and failing to follow a directive to appear on May 10, 2021 to provide a formal statement regarding her allegations.

To succeed on her claim against the CITY, NICHOLSON must prove that: (1) the CITY discharged her from employment and (2) race was the "but-for" cause for the discharge.

It is not enough for NICHOLSON to prove that race influenced the decision. However, if a jury believes the CITY's reasons for the decision to discharge NICHOLSON, and it finds that NICHOLSON's race was not the but-for cause the decision, then a jury must not second guess or substitute its own judgment for the CITY's – even if it disagrees with the decision.

## Count IV: Disability Discrimination under ADAAA

NICHOLSON claims that the CITY discriminated against her by terminating her because she had a "disability" within the meaning of the Americans with Disabilities Act (the ADA). The CITY denies this claim and asserts that NICHOLSON was discharged for violating City of Miami Civil Service Rules 14.2(d), 14.2(e)(1-2), 14.2(h) and 14.2(i) by lying about an incident alleged to have occurred on February 21, 2021 and failing to follow a directive to appear on May 10, 2021 to provide a formal statement regarding her allegations.

Under the ADA, if a person is qualified to do the job, it is unlawful for an employer to discharge the person because that person's disability.

Doc. No.: 1747189

To succeed on her claim, NICHOLSON must prove all of the following facts by a preponderance of the evidence: (1) that she had a disability; (2) that she was a qualified individual; (3) that the CITY discharged her from employment; and (4) that the CITY took that action because of NICHOLSON's named disability.

The CITY denies that it terminated NICHOLSON because of her disability and claims that it made the decision for other reasons. If a jury believes the CITY and finds that its decision was not because of NICHOLSON's disability, then it must not second guess or substitute its own judgment for the CITY's – even if it does not agree with it.

**Count V: Retaliation for Complaints of Sex Discrimination under Title VII**

NICHOLSON claims that the CITY retaliated against her because she took steps to enforce her lawful rights under Title VII. NICHOLSON claims that the CITY discharged her from employment because she complained about the CITY's sex discrimination. The CITY denies this claim and asserts that NICHOLSON was discharged for violating City of Miami Civil Service Rules 14.2(d), 14.2(e)(1-2), 14.2(h) and 14.2(i) by lying about an incident alleged to have occurred on February 21, 2021 and failing to follow a directive to appear on May 10, 2021 to provide a formal statement regarding her allegations.

To succeed on her claim, NICHOLSON must prove each of the following facts by a preponderance of the evidence: (1) that she engaged in a protected activity; (2) that the CITY then took an adverse employment action; (3) that the CITY took the adverse employment action because of NICHOLSON's protected activity; and (4) NICHOLSON suffered damages because of the adverse employment action.

An employer may not discharge an employee because of the employee's protected activity. An employer may discharge an employee for any other reason, good or bad, fair or unfair. If a jury

believes the CITY's reason for its decision and finds that the CITY did not make its decision because of NICHOLSON's protected activity, it must not second guess or substitute its own judgment for the CITY's – even if it does not agree with it.

**Count VI: Retaliation for Complaints of Race Discrimination under Title VII**

NICHOLSON claims that the CITY retaliated against her because she took steps to enforce her lawful rights under Title VII. NICHOLSON claims that the CITY discharged her from employment because she complained about the CITY's race discrimination. The CITY denies this claim and asserts that NICHOLSON was discharged for violating City of Miami Civil Service Rules 14.2(d), 14.2(e)(1-2), 14.2(h) and 14.2(i) by lying about an incident alleged to have occurred on February 21, 2021 and failing to follow a directive to appear on May 10, 2021 to provide a formal statement regarding her allegations.

To succeed on her claim, NICHOLSON must prove each of the following facts by a preponderance of the evidence: (1) that she engaged in a protected activity; (2) that the CITY then took an adverse employment action; (3) that the CITY took the adverse employment action because of NICHOLSON's protected activity; and (4) NICHOLSON suffered damages because of the adverse employment action.

An employer may not discharge an employee because of the employee's protected activity. An employer may discharge an employee for any other reason, good or bad, fair or unfair. If a jury believes that the CITY's reason for its decision and finds that the CITY did not make its decision because of NICHOLSON's protected activity, it must not second guess or substitute its own judgment for the CITY's – even if it does not agree with it.

Doc. No.: 1747189

**Count VII: Retaliation for Complaints of Race Discrimination under Section 1981**

NICHOLSON claims that the CITY retaliated against her because she took steps to enforce her lawful rights under Title VII. NICHOLSON claims that the CITY discharged her from employment because she complained about the CITY's race discrimination. The CITY denies this claim and asserts that NICHOLSON was discharged for violating City of Miami Civil Service Rules 14.2(d), 14.2(e)(1-2), 14.2(h) and 14.2(i) by lying about an incident alleged to have occurred on February 21, 2021 and failing to follow a directive to appear on May 10, 2021 to provide a formal statement regarding her allegations.

To succeed on her claim, NICHOLSON must prove each of the following facts by a preponderance of the evidence: (1) that she engaged in a protected activity; (2) that the CITY then took an adverse employment action; (3) that the CITY took the adverse employment action because of NICHOLSON's protected activity; and (4) NICHOLSON suffered damages because of the adverse employment action.

An employer may not discharge an employee because of the employee's protected activity. An employer may discharge an employee for any other reason, good or bad, fair or unfair. If a jury believes that the CITY reason for its decision and finds that the CITY did not make its decision because of NICHOLSON's protected activity, it must not second guess or substitute its own judgment for the CITY's – even if it does not agree with it.

**Count VIII: Retaliation for Complaints of Disability Discrimination under ADAAA**

NICHOLSON claims that the CITY retaliated against her because she took steps to enforce her lawful rights under Title VII. NICHOLSON claims that the CITY discharged her from employment because she complained about the CITY's disability discrimination. The CITY denies this claim and asserts that NICHOLSON was discharged for violating City of Miami Civil Service

Rules 14.2(d), 14.2(e)(1-2), 14.2(h) and 14.2(i) by lying about an incident alleged to have occurred on February 21, 2021 and failing to follow a directive to appear on May 10, 2021 to  provide a formal statement regarding her allegations.

To succeed on her claim, NICHOLSON must prove each of the following facts by a preponderance of the evidence: (1) that she engaged in a protected activity; (2) that the CITY then took an adverse employment action; (3) that the CITY took the adverse employment action because of NICHOLSON's protected activity; and (4) NICHOLSON suffered damages because of the adverse employment action.

An employer may not discharge an employee because of the employee's protected activity. An employer may discharge an employee for any other reason, good or bad, fair or unfair. If a jury believes that the CITY reason for its decision and finds that the CITY did not make its decision because of NICHOLSON's protected activity, it must not second guess or substitute its own judgment for the CITY's – even if it does not agree with it.

The CITY has filed a Motion to Dismiss Plaintiff's Complaint. The ruling on said motion is still pending. In the event that the CITY is required to file an Answer, the CITY intends to assert the following defenses: (a) failure to exhaust administrative remedies; (b) no prima facie case of discrimination; (c) no similarly situated comparator; (d) plaintiff admitted in her EEOC charge that she was terminated for insubordination and filing a fraudulent workers compensation claim; (e) plaintiff failed to avail herself of the CITY's internal process for filing and investigating complaints of discrimination and retaliation; (f) NICHOLSON did not have a disability as defined by the ADAAA; (g) NICHOLSON did not engage in a protected activity as is required to establish a claim for retaliation under Title VII, ADAAA, and §1981; and (h) the CITY had an independent,

intervening reason for discharging NICHOLSON from employment.  The CITY reserves the right to assert these, as well as additional defenses in its Answer.

3. Good-faith Estimate of Specific Dollar Valuation:

    Plaintiff's Valuation: $928,221.24

    Defendant's Valuation: $0

4.  There may be a need for a 60-day variance from the discovery limitations imposed by Local Rule or the Federal Rules of Civil Procedure. In the event that such variance is needed, the parties will first confer regarding the need and then file the appropriate motion(s).

**<u>Conference Report pursuant to Local Rule 16.1(b)(2):</u>**

(A) There is no likelihood of settlement.

(B) There is no likelihood that additional parties beyond those currently named will appear in this action.

(D) The parties agree to thoroughly examine the evidence as it becomes available, and to work efficiently, thoughtfully, and cooperatively in order to formulate and simplify issues and to ensure the appropriate timing and minimal number of motions for summary judgment or partial summary judgment.

(E) The parties have no amendments to the pleadings at this time. The parties reserve the right to amend as provided by the Federal Rules of Civil Procedure.

(F) The parties agree to work cooperatively to provide admissions of fact, documents, and electronically stored information in an effort to avoid unnecessary proof, stipulations regarding authenticity of documents and electronically stored information as well as the need for advance rulings from the Court on admissibility of evidence.

Doc. No.: 1747189

(G) The parties agree to work cooperatively to avoid unnecessary proof and cumulative evidence.

(H) The parties request that motions for summary judgment and the trial of this matter not be referred to a Magistrate Judge. However, it is advisable that discovery issues be referred to a Magistrate Judge.

(I)  The preliminary estimate of the time required for trial of this matter is 4-5 days.

(J) This Court does not conduct Rule 26(f) Scheduling Conferences. As such, the parties make no request for pretrial conferences. Trial in this matter is set to commence during the two-week period beginning Monday, March 27, 2023.

(K)(i) The parties do not anticipate any discovery issues.

(K)(ii) The City of Miami is a governmental entity. Thus, its records are public and subject to disclosure, except in those instances where a specific privilege against disclosure applies. Plaintiff's personnel file is a public record and is subject to disclosure. However, her medical information is privileged and will only be released pursuant to a HIPAA waiver. The parties anticipate that there will be claims of privilege for any communications protected by the attorney-client privilege.

(K)(iii) No issues.

Respectfully Submitted,

VICTORIA MÉNDEZ, CITY Attorney
KEVIN JONES, Division Chief, Labor & Employment
ADANNA FERGUSON, Assistant CITY Attorney
Attorneys for **CITY OF MIAMI**
444 S.W. 2nd Avenue, Suite 945
Miami, Florida 33130-1910
Tel.: (305) 416-1800
Fax: (305) 416-1801
Primary Email: aferguson@miamigov.com

Secondary Email: tmickens@miamigov.com


By:  /s/ *Adanna N. Ferguson*
Adanna N. Ferguson, Assistant CITY Attorney
Florida Bar No.: 92372


### CERTIFICATE OF CONFERRAL

**I HEREBY CERTIFY** that the Parties have conferred extensively on this conferral report, that NICHOLSON's counsel reviewed this report before submission, and that I am submitting this Report on behalf of the Parties with the knowledge and consent of NICHOLSON's counsel, Maggie Tsavaris.


By:  /s/ *Adanna N. Ferguson*
Adanna N. Ferguson, Assistant CITY Attorney
Florida Bar No.: 92372

Doc. No.: 1747189

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 8th day of July 2022, the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   /s/ *Adanna N. Ferguson*
      Adanna N. Ferguson, Assistant City Attorney
      Florida Bar No.: 92372

## SERVICE LIST

**COANE AND ASSOCIATES, PLLC**
*Attorneys for Plaintiff*
1250 E. Hallandale Beach Blvd.
Suite 303
Hallandale Beach, FL 33009
Phone: (305) 538-6800
Fax:    (713) 850-8528
Email: arthur.mandel@coane.com
bruce.coane@gmail.com
docket@coane.com
maggie.tsavaris@coane.com

Doc. No.: 1747189